**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Dennis J. Donchez <br>       Debtor(s) | CHAPTER 13 |
| MTGLQ Investors, LP <br>      Movant <br>   vs. | NO. 14-18097 REF |
| Dennis J. Donchez <br>       Debtor(s) | |
| Frederick L. Reigle Esq. <br>      Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$43,898.74,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2015 through December 2016 at $1,438.44/ month for a total of $24,453.48 |
| | January 2017 through December 2017 at $1,738.31/month for a total of $20,859.72 |
| Suspense Balance: | $1,414.46 |
| **Total Post-Petition Arrears** | **$43,898.74** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a) Within seven (7) days of the filing of this Stipulation, Debtor(s) shall tender a down payment of **$33,468.88.**

b) A payment of $3,476.62 shall be made by December 31, 2017.

c) A payment of $3,476.62 shall be made by January 31, 2018.

d) A payment of $3,476.62 shall be made by February 28, 2018.

e) Beginning January 1, 2018 and continuing thereafter, Debtor(s) shall pay the present regular monthly payment of **$1,738.31** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), the address below:

Rushmore Loan Management Services
PO Box 52708
Irvine, CA 92619-2708

3.  Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 14, 2017

By:   /s/ Rebecca A. Solarz
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322  FAX (215) 627-7734

Date:   February 22, 2018

_____
George M. Lutz Esq.
Attorney for Debtor(s)

Approved by the Court this _____ day of __February__, ████. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling